IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**JUSTIN CRAVEN, Individually and on**                          **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                                    No. 4:19-cv-04115

**NEELEY'S SERVICE CENTER, INC.,**                              **DEFENDANTS**
**and ALFRED NEELEY**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Justin Craven, individually and on behalf of all others similarly situated, by and through his attorneys Steve Rauls and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action ("Complaint") against Defendants Neeley's Service Center, Inc., and Alfred Neeley (collectively "Defendants") he states and alleges as follows:

### I.    PRELIMINARY STATEMENTS

1. This is a collective action brought by Justin Craven, individually and on behalf of all others similarly situated against Defendants for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq.* (the "AMWA").

2. Plaintiff seeks a declaratory judgment; monetary damages; liquidated damages; prejudgment interest; and a reasonable attorney's fee and costs as a result of

Defendants' failure to pay proper overtime compensation under the FLSA and the AMWA.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. The acts complained of herein were committed and had their principal effect against Plaintiff within the Texarkana Division of the Western District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

7. Plaintiff is an individual and resident of Howard County.

8. At all times material herein, Plaintiff and those similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA.

9. Defendant Neeley's Service Center, Inc. ("NSC"), is a domestic, for-profit corporation.

10. NSC operates a towing services company based in Nashville, Arkansas under the business name of Neeley's Towing and Recovery.

11. NSC's registered agent is Alfred Neeley, 321 South Main Street, Nashville, Arkansas 71852.

12. Separate Defendant Alfred Neeley ("Neeley") is an individual and resident of Arkansas.

13. Neeley is the owner, principal, officer and/or director of Neeley's Service Center, Inc.

14. Neeley manages and controls the day-to-day operations of NSC, including but not limited to the decision to not pay Plaintiff an extra premium for work in excess of forty (40) hours per week.

15. Defendants are joint employers within the meaning of the FLSA.

16. Within the past three years preceding the filing of this Complaint, Defendants continuously employed at least four employees, such as drivers and dispatchers.

17. Defendants have at least two employees engaged in commerce or in the production of goods for commerce, or handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, such as office supplies and equipment, vehicles, tow trucks, or communication equipment.

18. Defendants' annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

## IV. FACTUAL ALLEGATIONS

19. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

20. In approximately August of 2017, Defendant hired Plaintiff as a tow truck driver. Plaintiff worked until March of 2019.

21. Plaintiff performed towing services and other duties incidental to towing on Defendants' behalf.

22. Plaintiff performed towing services for Defendants solely within the State of Arkansas.

23. Plaintiff's pay rate was $12.00 per hour during regularly scheduled shifts.

24. Plaintiff's scheduled hours were 7 AM to 5:30 PM, Monday through Friday.

25. However, Plaintiff frequently worked more hours than he was scheduled for without compensation, including evenings and weekends.

26. Defendants did not have a timekeeping system.

27. Plaintiff was not paid for all the "off-the-clock" hours he worked each week.

28. These off-the-clock hours amounted to approximately ten (10) additional hours per week for which he was not paid.

29. Plaintiff was also "on call" at night for two weeks each month.

30. He was paid on a piece-rate basis for each tow during on-call hours.

31. Plaintiff did not possess a commercial driver's license at any time during his tenure of performing towing services for Defendants.

32. None of the Defendants ever required Plaintiff to possess or obtain a commercial driver's license to perform his duties as a driver.

## V. REPRESENTATIVE ACTION ALLEGATIONS

33. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

34. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were, are, or will be employed by Defendants within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A.    Overtime premiums for all hours worked over forty (40) hours in any week;

    B.    Liquidated damages; and

    C.    Attorney's fees and costs.

35. Plaintiff proposes the following class under the FLSA:

**All tow truck drivers within the last three years.**

36. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

37. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

38. The members of the proposed FLSA class are similarly situated in that they share these traits:

    A.    They were subject to Defendants' common policy of failing to pay for all hours worked over forty (40) per week.

    B.    They were all subject to Defendants' timekeeping system;

    C.    They had substantially similar job duties, requirements, and pay provisions.

39. Plaintiff is unable to state the exact number of the class but believes that the class exceeds 8 persons.

40. Defendants can readily identify the members of the class, who are a certain portion of the current and former employees of Defendants.

41. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendants.

42. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendants.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claim for FLSA Violations)

43. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

44. Defendants have failed and refused to comply with the FLSA's wage requirements by failing to pay Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of forty hours per week during Plaintiff's employment as described in this Complaint.

45. Defendants deprived Plaintiff of overtime compensation for all of the hours over forty (40) per week in violation of the FLSA.

46. Defendants were, and are, subject to the overtime pay requirements of the FLSA because Defendants and their employees are engaged in commerce.

47. Defendants knew or should have known that their actions violated the FLSA.

48. Defendants' conduct and practices, as described above, were willful.

49. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

50. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

51. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for FLSA Violations)

52. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

53. Defendants have failed and refused to comply with the FLSA's wage requirements by failing to pay Plaintiff and similarly situated members of the class one and one-half times their regular rate for all hours worked in excess of forty hours per week during their employment as described in this Complaint.

54. Defendants required Plaintiff and similarly situated members of the class to work in excess of forty (40) hours each week but failed to pay Plaintiff and the class overtime compensation for all of the hours in excess of forty (40) in each work week.

55. Defendants deprived Plaintiff and the class members overtime compensation for all of the hours over forty (40) per week, in violation of the FLSA.

56. Defendants knew or should have known that their actions violated the FLSA.

57. Defendants' conduct, as described above, has been willful.

58. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and the class members for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

59. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and the class members are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

60. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and the class members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.    THIRD CLAIM FOR RELIEF
### (Individual Claim for AMWA Violations)

61.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

62.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq.*

63.    At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

64.    Sections 210 and 211 of the AMWA require employers to pay all employees to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

65.    Defendant failed to pay Plaintiff overtime wages as required under the AMWA for hours that he worked in excess of forty (40) per week.

66.    Defendants knew or should have known that their practices violated the AMWA.

67.    Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

68.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Justin Craven, individually and on behalf of all others similarly situated, respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

    A.    Declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA, the AMWA, and their relating regulations;

    B.    Certification of a class under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

    C.    Judgment for damages suffered by Plaintiff and all others similarly situated for all unpaid overtime compensation under the FLSA, the AMWA and their relating regulations;

    D.    Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

    E.    An order directing Defendants to pay Plaintiff and all others similarly situated prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

    F.    Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF JUSTIN CRAVEN,
Individually and on Behalf of
All Others Similarly Situated**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Steve Rauls
Ark. Bar No. 2011170
steve@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com