IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JUSTIN CRAVEN, Individually and on
Behalf of All Others Similarly Situated                                    PLAINTIFF

v.                          Case No. 4:19-cv-4115

NEELEY'S SERVICE CENTER, INC.
and ALFRED NEELEY                                                          DEFENDANTS

## ORDER

Before the Court is Plaintiff's Motion for Conditional Certification, for Disclosure of Contact Information, and to Send Notices. (ECF No. 15). Defendants have filed a response. (ECF No. 22). Plaintiff has filed a reply. (ECF No. 26). The Court finds this matter ripe for consideration.

## BACKGROUND

Plaintiff filed his complaint on September 11, 2019. (ECF No. 2). On February 27, 2020, Plaintiff amended his complaint to include an individual disability discrimination claim against Defendants. (ECF No. 20). Plaintiff brings this action individually and on behalf of all others similarly situated pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. §§ 11-4-201, *et seq.* (ECF No. 20, p. 1). Plaintiff states that he was employed as a tow truck driver by Defendants and that he "performed towing services and other duties incidental to towing on Defendants' behalf." (ECF No. 20, ¶ 28). Plaintiff alleges that he regularly worked in excess of forty hours per week but that he was never paid time-and-a-half compensation for his overtime hours, in violation of the FLSA and AMWA. (ECF No. 20, pp. 9-11).

Plaintiff seeks conditional certification of the following FLSA collective action class: "All tow truck drivers who worked after September 11, 2016." (ECF No. 15). Likewise, Plaintiff seeks approval of various means of distributing notice to putative collective action members.[1]  *Id.*

## DISCUSSION

The Court is faced with two tasks.  First, the Court must determine whether conditional certification of the proposed class is proper under the FLSA.  Second, if the Court finds such conditional certification proper, the Court must outline the correct means of providing notice to potential collective action members and set procedures by which they may opt in.

The FLSA allows for "similarly situated" employees to proceed collectively to recover damages for violations of the FLSA's overtime provisions.  29 U.S.C. § 216(b).  This Court, as well as other district courts in the Eighth Circuit, and numerous Courts of Appeal, follows the two-tiered approach to FLSA collective action certification as established by *Mooney v. Aramco Serv.*, 54 F.3d 1207 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003).  *See, e.g.*, *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544 (6th Cir. 2006); *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095 (10th Cir. 2001); *Resendiz-Ramirez v. P & H Forestry, LLC*, 515 F. Supp. 2d 937 (W.D. Ark. 2007); *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159 (D. Minn. 2007); *Davis v. NovaStar Mortg., Inc.*, 408 F. Supp. 2d 811 (W.D. Mo. 2005). Under this approach, collective action certification is divided into two stages: (1) the notice stage and (2) the opt-in or merits stage.  *Mooney*, 54 F.3d at 1213-14.

During the notice stage, the court "makes a decision—usually based only on the pleadings and affidavits which have been submitted—whether notice should be given to potential class members." *Id.* at 1213.  If the court allows for notification, the court typically creates a conditional

---

[1] The Court has not certified a class pursuant to Federal Rule of Civil Procedure 23.

certification of a representative class and allows notice to be sent to the potential collective action members. *Id*. at 1214. At the second stage, the court determines whether the class should be maintained through trial. *Resendiz-Ramirez*, 515 F. Supp. 2d at 940. Typically, the second stage is precipitated by a motion to decertify by the defendant, which is usually filed when discovery is largely complete. *Id.* If the court decides to decertify the class, the opt-in class members are dismissed from the suit without prejudice and the case proceeds only for the class representatives in their individual capacities. *Id.*

At this initial stage, the Court must first consider whether a plaintiff has sufficiently demonstrated that he is "similarly situated" to the potential members of the collective action. During this first stage of certification, the Court does not make findings on legal issues or focus on whether there has been an actual violation of the law. *See Thiessen*, 267 F.3d at 1106-07. Further, at this stage, the Court does not make credibility determinations or resolve contradictory evidence presented by the parties. *See Grayson v. K Mart Corp.*, 79 F.3d 1086, 1099 n.17 (11th Cir. 1996). Instead, the Court determines whether, under the lenient standard of the notice stage, the named plaintiff, through pleadings and affidavits, has demonstrated that he is are "similarly situated" to the potential collective action members. *See* 29 U.S.C. § 216(b); *Thiessen*, 267 F.3d at 1106-07.

Although the FLSA does not define the term "similarly situated," it typically requires a showing that the plaintiff and potential collective action members were victims of a common decision, policy, or plan of the employer that affected all collective action members in a similar fashion. *See Thiessen,* 267 F.3d at 1106-08; *Kautsch v. Premier Commc'ns*, 504 F. Supp. 2d 685, 689 (W.D. Mo. 2007). Further, the "similarly situated" determination requires only a modest factual showing and does not require the plaintiff and the potential collective action members to

show that they are identically situated. *See Harris v. Express Courier Int'l, Inc.*, 5:16-CV-05033, 2016 WL 5030371, at *3 (W.D. Ark. Sept. 19, 2016); *Kautsch*, 504 F. Supp. 2d at 689-90. Numerous courts take the position that conditional certification may be based solely on the complaint and supporting affidavits. *See, e.g.*, *Littlefield v. Dealer Warranty Servs., LLC*, 679 F. Supp. 2d 1014, 1017 (E.D. Mo. 2010) ("In a typical case, the court decides whether to conditionally certify a class based solely on the plaintiffs' affidavits."); *Rowland Express, Inc.*, 492 F. Supp. 2d at 1164; *Resendiz-Ramirez*, 515 F. Supp. 2d at 940. "While the burden of proof borne by the plaintiffs at this stage is relatively low, some identifiable facts or legal nexus must bind the claims so that hearing the cases together promotes judicial efficiency." *Harris*, 2016 WL 5030371, at *3 (citation and quotation omitted). District courts within the Eighth Circuit have considered a variety of factors when determining whether plaintiffs and proposed collective action members are "similarly situated" at the notice stage. These factors include:

> (1) whether they hold the same job title; (2) whether they work or worked in the same geographic location; (3) whether the alleged violations occurred during the same time period; (4) whether they were subjected to the same policies and practices established in the same manner by the same decision-maker[;] and (5) the extent to which the acts constituting the alleged violations are similar.

*Id.*

### I. Conditional Certification

In the case at bar, Plaintiff maintains that he has satisfied the lenient standard required for conditional certification of a collective action class consisting of "All tow truck drivers who worked after September 11, 2016." Defendants oppose the proposed class description, stating that they believe it to be overbroad. Defendants maintain two places of business—one in Nashville, Arkansas and another in Texarkana, Arkansas. Plaintiff was employed at Defendants' Nashville location. Defendants argue that the proposed class should be limited to employees from their

Nashville location because Plaintiff has offered no evidence or allegations as to what personal knowledge he has with respect to the operation of their Texarkana location, its timekeeping policy, schedules, or how tow truck drivers there allegedly worked. Defendants assert that the class description should read as follows:

> Any hourly-paid employees who operated a tow truck at its location in Nashville, Arkansas, at any time since February 14, 2017.

ECF No. 23, p. 6.

Upon consideration, the Court agrees with Defendants. Plaintiff never worked at Defendants' Texarkana location, and his pleadings and briefing papers do not indicate that he has personal knowledge concerning the Texarkana location. Moreover, Defendants have submitted an affidavit from Jason Neeley, the Vice President of Neeley's Service Center and Manager of its Texarkana location, detailing how policies, practices, and job duties differ between Defendants' Nashville and Texarkana locations. Therefore, the Court cannot find that Plaintiff is similarly situated to employees at Defendants' Texarkana location. *See McLendon v. Schlumberger Tech. Corp.*, No. 4:15CV00752 JLH, 2016 WL 3911897, at *3 (E.D. Ark. July 15, 2016) (holding affidavit from named plaintiff who had limited experience outside of his locale will not suffice to show that employees at other locations are similarly situated for the purposes of conditional certification); *see also Harris*, 2016 WL 5030371, at *3 (stating courts should consider whether employees worked in the same geographic location and whether they were subjected to the same policies and practices in determining whether they are similarity situated).

However, the Court finds that Plaintiff has satisfied the lenient burden of showing that he is similarly situated to a class comprised of employees from Defendants' Nashville location. Based on Plaintiff's affidavit and pleadings, it appears that putative collective action members at Defendants' Nashville location held similar positions and job duties related to driving tow trucks

and providing towing services. Moreover, Plaintiff contends that the legal injury suffered by all putative collective action members at the Nashville location is the same—that Defendants failed to pay employees an overtime wage even when they worked more than forty hours in a single workweek.

Accordingly, the Court finds that the instant motion should be granted insofar as it seeks conditional certification of a collective action comprised of employees from Defendants' Nashville location. The class description should read as follows, "All hourly-paid employees who operated a tow truck at Defendants' Nashville, Arkansas location at any time since September 11, 2016."[2] In light of these findings, the Court will now address the proposed notice plan.

**II. Proposed Means of Providing Notification to Potential Collective Action Members**

Once a district court has determined that conditional certification of the collective action is appropriate, the court may authorize the plaintiff to send a court-approved notice and opt-in consent form to the potential members of the collective action. *Kautsch*, 504 F. Supp. 2d at 689. "A district court has broad discretion regarding the details of the notice sent to potential opt-in plaintiffs." *See, e.g.*, *Murray v. Silver Dollar Cabaret, Inc.*, Case No. 5:15-CV-5177, 2017 WL 514323, at *4 (W.D. Ark. Feb. 8, 2017). "The overarching policies of the FLSA's collective suit provisions require that the proposed notice provide accurate and timely notice concerning the pendency of the collective action, so that [potential opt-in plaintiffs] can make informed decisions about whether to participate." *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 450 (S.D.N.Y. 2011) (citation and quotation omitted). The content and method of disseminating

---

[2] Defendants, without elaborating, propose that the collective action be comprised of tow truck drivers employed at Defendants' Nashville location since February 14, 2017. This is in contrast to the date proposed by Plaintiff—September 11, 2016. As noted by Plaintiff in his reply, Defendants presumably chose this date by subtracting three years from February 14, 2020, the date the instant motion was filed. Plaintiff has requested equitable tolling of the limitations period in this case, and the Court declines to address this issue without proper briefing. Therefore, the Court includes Plaintiff's proposed date in the class description.

6

notice to potential group members must be approved by the district court. *Littlefield*, 679 F. Supp. 2d at 1018. Although reasonable amendments to the proposed notice are permissible, the Court will not allow amendments that are "unduly argumentative, meant to discourage participation in the lawsuit, or are unnecessary or misleading." *Whitehorn*, 767 F. Supp. 2d at 450.

The Court first addresses Plaintiff's proposed notice distribution plan. Then the Court addresses Defendants' objections to the content of the proposed notice documents. As an initial matter, Plaintiff requests ninety days in which to distribute notice and file opt-in plaintiffs' consent forms with the Court, beginning seven days after Defendants provide the potential collective action members' contact information. This is a reasonable request and will be granted. The Court will now address each of Plaintiff's proposed means of notification and proposed notice and consent forms in turn.

### A. Notice by U.S. Mail, Text Message, and Alternatively, E-mail

Plaintiff asks the Court to authorize distribution of notice simultaneously through U.S. mail and text message. Plaintiff further requests to distribute notice via e-mail in circumstances where Defendants do not have cell phone information or distribution via text message is unsuccessful. Defendants do not oppose the issuance of the proposed notice forms by U.S. mail and the sending of a reminder postcard. However, Defendants oppose Plaintiff's request to disseminate notice via e-mail and text message.

### 1. Methods of Distributing Notice

The Court finds that distributing notice via U.S. mail is reasonable. Plaintiff also requests that the Court permit the sending of a follow-up postcard via U.S. mail to potential opt-ins who did not respond within thirty days of sending notice. Defendants do not object to the use of a follow-up postcard, and the Court finds that use of a follow-up postcard is also reasonable.

Plaintiff moves the Court to authorize distribution of notice via text message, and alternatively, via e-mail in circumstances where Defendants do not have cell phone information or distribution via text message is unsuccessful.  Plaintiff further requests that the Court permit the sending of a follow-up e-mail to potential opt-ins who do not respond within thirty days of sending notice.  Upon consideration, the Court finds that notice via e-mail is reasonable.  *See Adkinson v. Tiger Eye Pizza, LLC*, No. 4:19-CV-4007, 2019 WL 5213957, at *9 (W.D. Ark. Oct. 16, 2019) (allowing notice via e-mail).  However, the Court finds that distributing notice via text message would be redundant and unnecessary.  *See id*.  The Court finds the same of a follow-up e-mail.

Accordingly, Plaintiffs will be allowed to distribute notice simultaneously via U.S. mail and e-mail.  Plaintiff may not distribute notice via text message or send a reminder e-mail.

## 2. Defendants' Objections to the Form of the Proposed Notice

Defendants request that the Court make several alterations to Plaintiff's proposed notice documents.[3]  The Court has reviewed Defendants' suggested changes and finds them unnecessary.  Plaintiff's proposed notice documents are substantially similar to notice documents approved by this Court and other Courts throughout the Eighth Circuit.  *See, e.g.*, *id.*; *Coates v. Dassault Falcon Jet Corp.*, No. 4:17-372-JLH, ECF No. 34 (E.D. Ark. Nov. 21, 2017).  Accordingly, unless specifically discussed above or below, and allowed, all of Defendants' proposed changes are hereby rejected.

Defendants also point out several typographical errors in Plaintiff's proposed notice documents, which the Court will now address.  The "Description of Lawsuit" in paragraph three mentions "Defendant Razors Edge Pizza, Inc."  Razors Edge Pizza is not a party in this case.  Paragraph three should be corrected to include Defendants Neeley's Service Center, Inc. and

---

[3] Defendants, without citation to authority or further elaboration, argue that some portions of Plaintiff's proposed notice documents are inflammatory or misleading.

Alfred Neeley. Also, paragraph four refers to Plaintiff as "herself" which should be corrected to "himself."

## B. Time to Produce Putative Collective Action Member Information

Plaintiff requests that the Court order Defendants to produce the names, addresses, e-mail addresses, cell phone numbers, and dates of employment for potential collective action members in an electronically manipulatable format within seven days after entry of the Court's order. Defendants argue that this is an unreasonable timeframe and request at least fourteen days to produce the requested information. Upon consideration, the Court agrees that seven days is unreasonable. Accordingly, the Court finds that Defendants must produce the following information about potential collective action members within fourteen days of the date of this order: (1) name, including any known aliases he or she may have gone by or goes by now; (2) last known mailing address; and (3) any and all e-mail addresses of which Defendants are aware, whether personal or company-sponsored. This information shall be provided Plaintiff's Counsel in a manipulatable format such as Microsoft Word or Excel.

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's Motion for Conditional Certification, for Disclosure of Contact Information, and to Send Notices (ECF No. 15) should be and hereby is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) A class as defined in this Order is conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b). The class description should read as follows: "All hourly-paid employees who operated a tow truck at Defendants' Nashville, Arkansas location at any time since September 11, 2016.";

(2) The Court approves the proposed notice and consent documents, once edited to comply with this Order;

(3) The Court approves the dissemination of notice through U.S. mail. The Court approves the follow-up postcard, and approves sending the postcard to any potential collective action member who has not responded within thirty (30) days of the mailing of the written notice;

(4) The Court approves e-mail to provide notice to potential collective action members, as well as the proposed language of the notice e-mail;

(5) Defendants are hereby directed to produce the information for potential collective action members, as outlined above, within fourteen (14) days of the entry of this Order;

(6) Plaintiff shall have ninety (90) days, starting seven (7) days from the date Defendants deliver the ordered contact information, in which to distribute the notice and consent documents and to file any signed consent forms of opt-in plaintiffs with the Court.

**IT IS SO ORDERED**, this 28th day of April, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge