IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JUSTIN CRAVEN, Individually and on
Behalf of All Others Similarly Situated                                              PLAINTIFF

v.                                      Case No. 4:19-cv-4115

NEELEY'S SERVICE CENTER, INC.,
ALFRED NEELEY                                                                         DEFENDANT

# **ORDER**

Before the Court is the parties' Joint Motion for Approval of Settlement Agreement.  ECF No. 41.  The parties indicate that they have reached a settlement agreement in this matter and ask the Court to dismiss this case with prejudice.

On September 11, 2019, Plaintiff filed his Complaint against Defendant.  ECF No. 2.  Plaintiff brought claims against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code § 11-3-201, *et seq*. ("AMWA").  *Id*.  Plaintiff later filed an Amended Complaint to add various employment discrimination claims.[1]  ECF No. 20, p. 2.  Plaintiff sought to pursue his FSLA claims through a collective action and the Court certified a collective in this matter.  ECF No. 27.  On July 26, 2021, the parties filed the instant motion seeking the Court's approval of their Settlement Agreement (ECF No. 41-1) and for the Court to dismiss Plaintiff's claims with prejudice.  ECF No. 41.

"[T]he law is unsettled as to whether judicial approval of a proposed settlement of FLSA claims is required in the absence of a certified class."  *King v. Raineri Const., LLC*, No. 4:14-cv-1828 CEJ, 2015 WL 631253, at *1 (E.D. Mo. Feb. 12, 2015) (collecting cases); *see also Stainbrook*

---

[1] The Amended Complaint added employment discrimination claims under the Americans with Disabilities Act of 1990 ("ADA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq*. ("Title VII"), and the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101, *et seq*. ("ACRA") ("Arkansas Civil Rights Act" or "ACRA") for discrimination on the basis of disability.  ECF No. 20, p. 2.

*v. Minn. Dep't of Pub. Safety*, 239 F. Supp. 3d 1123, 1127 (D. Minn. 2017) (questioning whether judicial approval of a proposed FLSA settlement is necessary in the absence of a final certified collective action). Several courts have held that settlement agreements resolving wage claims are subject to court approval to ensure that the parties are not negotiating around statutory minimum wages. *See, e.g.*, *Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Cruthis v. Vision's*, No. 4:12-cv-0244-KGB, 2014 WL 4092325 (E.D. Ark. Aug. 19, 2014). Other courts, including this Court, have held that judicial approval of an FLSA settlement is unnecessary when the lawsuit does not involve a certified class or collective action, all plaintiffs have been represented by counsel throughout the entirety of the case, and the parties wish for their agreement to remain private. *See, e.g.*, *Adams v. Centerfold Entm't Club, Inc.*, No. 6:17-cv-6047-SOH, 2018 WL 5784047, at *1 (W.D. Ark. Nov. 2, 2018); *Schneider v. Habitat for Humanity Int'l, Inc.*, No. 5:14-CV-5230-TLB, 2015 WL 500835, at *3 (W.D. Ark. Feb. 5, 2015).

The Court previously certified this matter as a collective action, so it will review the settlement agreement submitted by the parties for reasonableness. *See Schneider*, 2015 WL 500835 at *2-3. Upon review of a totality of the circumstances, the Court finds that the settlement agreement resolves a bona fide dispute, that the settlement is fair and reasonable to Plaintiffs, and that the compromise between the parties does not frustrate the requirements and implementation of the FLSA.[2] *See Cruthis*, 2014 WL 4092325 at *1. The parties state that attorney's fees were

---

[2] In reaching this conclusion, the Court has considered the following factors: (1) the stage of the litigation and the amount of discovery exchanged; (2) the experience of counsel; (3) the probability of success on the merits; (4) whether there was any "overreaching" by the employer in settlement negotiations; and (5) whether the settlement was the product of arms' length negotiations between the parties, based on the merits of the case. *Jordan v. RHD, Jr., Inc.*, No. 2:16-cv-2227-PKH, 2017 WL 3499938, at *1 (W.D. Ark. July 24, 2017). These factors all weigh in favor of a determination that the parties' settlement is fair and reasonable.

determined independently of the payouts to the Plaintiff, so there is no need for the Court to review the appropriateness of this aspect of the settlement. *See Barbee v. Big River Steel, LLC*, 927 F. 3d 1024, 1027 (8th Cir. 2019) ("When the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim, the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement.").

Accordingly, the Court finds that parties' joint motion (ECF No. 25) should be and hereby is **GRANTED**. The parties' settlement agreement is approved, and Plaintiffs' claims against Defendant are **DISMISSED WITH PREJUDICE**. The Court shall retain jurisdiction to vacate this order and to reopen this action upon cause shown that the settlement has not been completed and further litigation is necessary.

**IT IS SO ORDERED**, this 30th day of July, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge